UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA NESSEL, Attorney General for the
State of Michigan,

        Plaintiff,

v.

HUNT CELLARS, INC.,

        Defendant.
_____/

Case Number 22-10010
Honorable David M. Lawson

## CONSENT DECREE

On January 4, 2022, plaintiff Dana Nessel, Attorney General of the State of Michigan, filed a complaint in this action against defendant, Hunt Cellars, Inc., seeking permanent injunctive relief to restrain ongoing violations by the defendant of the Michigan Liquor Control Code, Mich. Comp. Laws §§ 436.1101, *et seq.*, and the Michigan Consumer Protection Act, Mich. Comp. Laws, §§ 445.901, *et seq.* The parties have consented to resolution of all claims brought in this matter through the entry of this Consent Decree. Accordingly, all of the following is **ORDERED, ADJUDGED, AND DECREED**:

I.    JURISDICTION AND VENUE

The Court finds that it has both personal jurisdiction over the defendant and subject matter jurisdiction over the case under 27 U.S.C. § 122a(c), 28 U.S.C. § 1331, Fed. R. Civ. P. 4(k) and 28 U.S.C. § 1367(a). The complaint in this case states a claim upon which permanent injunctive relief can be granted against the defendant under 27 U.S.C. § 122a(c) and a claim upon which permanent injunctive relief and monetary penalties can be granted against the defendant under Michigan Compiled Laws §§ 445.901, *et seq.* Venue is proper in this Court.

II.     PERSONS BOUND

2.     The terms and provisions of this Consent Decree shall apply to and be binding upon the Michigan Department of Attorney General, the defendant, and the defendant's successors in interest, parents, subsidiaries, affiliated entities, directors, officers, managers, agents, members, assigns, and employees.

3.     No change in ownership or corporate status of the defendant, including, but not limited to, any transfer of assets or real or personal property, will in any way alter the defendant's obligations under this Consent Decree.

III.    OBLIGATIONS REGARDING INTOXICATING LIQUOR

4.     The defendant immediately must cease illegally selling and shipping intoxicating liquor to consumers located in the State of Michigan.

5.     The defendant immediately and adequately must train and educate its directors, officers, managers, agents, members, assigns, and employees to understand that the defendant is not authorized to sell or ship intoxicating liquor to consumers located in the State of Michigan.

6.     The defendant must make diligent efforts to place adequate disclaimers in all advertisements that the defendant creates or publishes for the sale of intoxicating liquor that may be viewed within the State of Michigan, including but not limited to internet-based advertisements, to clarify that such offers are not available for acceptance by consumers located in the State of Michigan.

7.     The defendant must make modifications as are reasonably necessary to ensure that its ordering systems, regardless of format or mechanism (whether internet-based, telephonic, print, or mail), do not produce the sale or shipment of intoxicating liquor to consumers located in the State of Michigan.

8. The defendant's obligations regarding intoxicating liquor in Section III shall continue until either (1) the law changes to permit the defendant to sell and ship intoxicating liquor to consumers located in the State of Michigan without a license; or (2) the defendant obtains a license from the Michigan Liquor Control Commission permitting it to sell and ship intoxicating liquor to consumers located in the State of Michigan.

IV. RELEASE AND DISCHARGE

9. Except with respect to the obligations created by or arising out of this Consent Decree, and in consideration of the payment set forth in Section V, the Department of Attorney General releases and covenants not to sue the defendant for the specific claims alleged in the complaint and specifically reserves the rights set forth in Paragraph 13 herein.

10. In consideration of the Department of Attorney General's release and covenant not to sue the defendant as set forth in Paragraph IV.9, the defendant releases and covenants not to sue the Department of Attorney General for any claims or defenses that may have been raised by the defendant in this action or in response to this action, including but not limited to any claims that the Department of Attorney General has intentionally interfered with the defendant's contractual or business relationships.

V. PAYMENT

11. The defendant will pay the total sum of five thousand dollars ($5,000) in two installments of two thousand five hundred dollars ($2,500) by certified check or money order payable to the "State of Michigan Department of Attorney General." The first installment is due **on or before May 6, 2022**, and the second payment is due **on or before June 6, 2022**. The payments must be sent to:

    Department of Attorney General
    Alcohol & Gambling Enforcement Division
    2860 Eyde Parkway
    East Lansing, MI 48823

  12. The payments and other consideration in this Consent Decree are in complete settlement of all damages and costs arising out of the complaint, including all attorney fees.

## VI. RESERVATION OF RIGHTS

  13. The plaintiff expressly reserves the right to seek any and all legal relief available for violations of the Michigan Consumer Protection Act, Mich, Comp. Laws §§ 445.901, *et seq.*, and the Michigan Liquor Control Code, Mich. Comp. Laws §§ 436.1101, *et seq.*, that the defendant may commit after the date of entry of this Consent Decree.

  14. The parties expressly understand and acknowledge that this Consent Decree is not binding on any county prosecutor in the State of Michigan. The parties expressly understand and acknowledge that this Consent Decree is not binding on the Michigan Department of Treasury for purposes of any assessments or actions it may take for unpaid taxes, penalties, and interest. The defendant reserves, and does not waive, any rights, claims, or defenses with respect to any such claims or actions.

## VII. ATTORNEYS' FEES AND COSTS

  15. The Parties expressly acknowledge and agree that each is responsible for its own attorneys' fees and costs.

## VIII. MODIFICATIONS

  16. This Consent Decree may be modified during its term by further order of the Court. Any party may move for modification or termination of the terms of this Consent Decree by filing an appropriate motion before the expiration of the effective term.

IX. OTHER CLAIMS

17. Nothing in this Consent Decree constitutes or may be construed as a release from any claim, cause of action, or demand in law or equity against any person, firm, partnership, or corporation not a party to this Consent Decree.

X. RETENTION OF JURISDICTION

18. This Court shall retain jurisdiction of this matter for the purpose of overseeing compliance with and resolving disputes arising under this Consent Decree for an effective term of three years, **commencing on April 6, 2022 and ending on April 6, 2025**. Any party may apply to extend or to shorten the effective term of this Consent Decree by filing an appropriate motion on or before the expiration date, with good grounds shown why further Court supervision either is or is not required. All obligations of the parties under this Consent Decree shall continue in force throughout the original and any successive renewal terms.

XI. AUTHORITY TO ENTER INTO THE CONSENT DECREE

19. The signatory for the defendant represents and warrants that he or she has been duly authorized to sign this document and to bind the defendant to all terms and conditions thereof.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: April 6, 2022

s/Rosendo Asevedo, Jr.  
Assistant Attorney General  
Attorney for Plaintiff

s/Andrew C. Vreedenburg  
Foster Smith Collins & Swift P.C.  
Attorney for Defendant